[Cite as *State v. Chicharro*, 2025-Ohio-3073.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :

                                 No. 114678

    v.                                           :

RONALD CHICHARRO,                         :

    Defendant-Appellant.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 28, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689934-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley and Alaina Hagan, Assistant Prosecuting Attorneys, *for appellee.*

Susan J. Moran, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Ronald Chicharro appeals his convictions for pandering obscenity involving a minor or impaired person, illegal use of a minor or impaired person in nudity-oriented material or performance, and possessing criminal tools. Finding no merit to his appeal, we affirm his convictions.

## I. Procedural Background

{¶ 2} In 2024, the State named Chicharro in a 14-count indictment, charging him with 12 total counts of pandering obscenity involving a minor or impaired person, in violation of R.C. 2907.321(A)(2) (Count 1) and R.C. 2907.322(A)(5) (Counts 2-12); one count of illegal use of a minor or impaired person in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3) (Count 13), and possessing criminal tools, in violation of R.C. 2923.24(A) (Count 14). Count 14 included two specifications: (1) forfeiture of electronic devices, and (2) that the electronic devices seized were intended for use in the commission of the felony offenses.

{¶ 3} The trial court denied Chicharro's motion to suppress that challenged the validity of the search warrant obtained to search his residence, and the matter proceeded to trial where the jury heard testimony from six witnesses for the State and considered 15 exhibits, including 12 images discovered on two of Chicharro's electronic devices. Chicharro also testified in his defense. The relevant testimonies of these witnesses and the content of the evidence will be discussed below. The testimonies, however, established that during the relevant time periods specified in the indictment, Chicharro possessed 11 thumbnail cache images of child pornography on his computer and one image of purported child pornography on an external hard drive. Chicharro testified that he did not know that the thumbnail cache images existed on his computer and he believed the image on his external hard drive was an adult male.

**{¶ 4}** The jury found Chicharro guilty of all charges, and the trial court imposed a total aggregate prison term of three to four and a half years.

## II. The Appeal

### A. Motion to Suppress

**{¶ 5}** In the early morning of October 30, 2023, an adult male ("complainant") appeared at the Lakewood Police Department to report that the adult male with whom he just had a sexual encounter showed him child pornography. According to Lakewood police officer Braden Susnik, the complainant appeared anxious and distraught as the complainant showed him the adult male's profile picture from a meet-up app and provided him with the male's physical description. Following the report, the complainant showed a Lakewood police officer where the adult male lived.

**{¶ 6}** Subsequently on November 14, 2023, the complainant provided Lakewood Detective Michael Perhacs with a written statement and identified Chicharro in a photo array as the adult male who showed him child pornography. Based on the complainant's report and identification, Detective Perhacs provided an affidavit to obtain a search warrant to search Chicharro's residence. Lakewood officers obtained the search warrant and executed it on November 16, 2023, confiscating several electronic devices from Chicharro's residence. Investigators discovered child pornography on two of the devices.

**{¶ 7}** Chicharro moved to suppress and exclude the evidence seized from his residence. He contended that the affidavit submitted in support of the search

warrant did not contain sufficient information to support a probable-cause determination because detectives did not conduct any investigative work to corroborate the complainant's allegations or to establish the reliability of the complainant.

{¶ 8} The State opposed Chicharro's motion, contending that Detective Perhacs's supporting affidavit provided sufficient information because the complainant was neither confidential nor anonymous, but rather a direct eyewitness who personally observed illegal material on Chicharro's electronic devices. According to the State, questions about the complainant's reliability were therefore obviated.

{¶ 9} The trial court conducted a hearing, but both parties agreed that the motion presented a legal determination based on the four corners of the affidavit; therefore, the court did not receive witness testimony. The trial court subsequently denied the motion without providing any findings of fact or conclusions of law.

{¶ 10} Chicharro contends in his first assignment of error that the trial court erred in denying his motion to suppress thereby denying him due process and a right to a fair trial under both the United States Constitution and Ohio Constitution.

{¶ 11} Appellate review of a motion to suppress generally presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. Because the parties conceded that the issue before the trial court did not involve any factual determinations but merely presented a legal determination, the trial court did not

issue any factual finings. Accordingly, we review the trial court's conclusion denying Chicharro's motion de novo. *Id.*

{¶ 12} The Fourteenth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect against unreasonable searches and seizures and provide that a warrant can be issued only if probable cause for the warrant is supported by an oath or affirmation that particularly describes the place to be searched and the persons or things to be seized. *See also* Crim.R. 41(C); R.C. 2933.23.

{¶ 13} In deciding whether the issuance of a search warrant was supported by probable cause, the issuing judge must make "'a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, following *Illinois v. Gates*, 462 U.S. 213, 238-239, (1983); *see also* R.C. 2933.23.

{¶ 14} If the warrant is based only on information provided by affidavit, review of the issuing judge's probable-cause determination — both at the trial and appellate court levels — is limited to the information found within the four corners of the affidavit. *State v. Castagnola*, 2015-Ohio-1565, ¶ 39. The duty of the reviewing court is to ensure that the issuing judge had a "substantial basis" for concluding that probable-cause existed. *Id.* at ¶ 35; *George* at paragraph two of

the syllabus. When conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts should accord "great deference" to the issuing judge's determination of probable cause; "doubtful or marginal cases should be resolved in favor of upholding the warrant." *Id*. Neither a trial court nor an appellate court may substitute its judgment for that of the issuing judge by determining de novo whether the affidavit provided sufficient probable cause. *Id*.

{¶ 15} Detective Perhacs prepared an affidavit based on information received from the complainant who reported that Chicharro showed him child pornography. According to Detective Perhacs's affidavit: (1) he received a report pertaining to child pornography being shown to a male on a computer and television system; (2) complainant described the video observed, which involved an adult male engaging in sexual activity with a nude toddler; (3) the suspect told the complainant that he did not store material on his computer, but uses external media devices and video players to view material so that "he does not get caught or in trouble"; (4) complainant showed officers where the suspect lived, from which officers conducted an OHLEG query and identified Chicharro as a resident at that address; and (5) complainant identified Chicharro from a photo lineup as the male who showed him the pornographic images on October 30, 2023.[1]

---

[1] "OHLEG" is an acronym for Ohio Law Enforcement Gateway. It is an electronic information network that allows Ohio law enforcement agencies to share criminal justice data.

{¶ 16} Chicharro advances the same arguments on appeal that he raised in the trial court. He contends that the affidavit in support of the search warrant did not contain sufficient information to establish probable cause because detectives did not conduct any investigative work to corroborate the complainant's allegations or make an averment establishing the reliability of the complainant.

{¶ 17} An averment regarding the reliability of the complainant is not necessarily required when the complainant is a "citizen informant" who witnessed the criminal activity. *See Maumee v. Weisner*, 87 Ohio St.3d 295, 300 (1999) (identifying three categories of informants — "anonymous informants," who police know little or nothing about; "known informants," who are part of the criminal world, and "citizen informants," who have witnessed criminal activity). Categorical classifications of informants may be instructive but are not necessarily outcome determinative and should be based on the totality of the circumstances. *Id*. at ¶ 302. Nevertheless, "[i]nformation coming from a citizen eyewitness is presumed credible and reliable, and supplies a basis for a finding of probable cause in compliance with *Gates*[, 462 U.S. 213]." *State v. Garner*, 74 Ohio St.3d 49, 63 (1995).

{¶ 18} In this case, the complainant was a citizen informant who witnessed Chicharro engage in criminal activity that the complainant reported immediately to Lakewood police. Additionally, the complainant provided officers with additional information, including where Chicharro lived and identified him in a photo lineup. Based on the foregoing, the circumstances support that the

complainant is presumed to be credible and reliable and, thus, Detective Perhacs was not required to aver the witness's veracity or reliability or to independently verify the information the complainant reported prior to seeking a search warrant.

{¶ 19} In our review of Detective Perhacs's affidavit, we find that the issuing judge had a substantial basis for concluding that probable cause existed to search Chicharro's residence. Accordingly, we find that the trial court did not err in denying Chicharro's motion to suppress. The first assignment of error is overruled.

## B. Sufficiency of the Evidence

{¶ 20} In his second assignment of error, Chicharro contends that the jury's verdicts are not supported by sufficient evidence and thus should be reversed because his convictions violate the Fourteenth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. Specifically, he challenges Counts 2 through 14, contending that the State did not prove that he knowingly possessed illegal images on his electronic devices. Chicharro makes no sufficiency challenge to Count 1 of the indictment.

{¶ 21} Under sufficiency review, this court is required to determine whether the prosecution met its burden of production at trial. *State v. Cottingham*, 2020-Ohio-4220, ¶ 32 (8th Dist.). An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a

reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

### 1. Counts 2 through 12

{¶ 22} Regarding Counts 2 through 12, Chicharro was convicted of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), which provides that "no person, with knowledge of the character of the material or performance involved, shall . . . [k]nowingly solicit, receive, purchase, exchange, possess, or control material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

{¶ 23} Chicharro contends that the State failed to prove that he had knowledge that child pornography existed on his computer because (1) the images did not contain access dates; (2) the images were only thumbnails in the Windows Explorer cache files; and (3) his computer did not have the software necessary to open the thumbnail images.

{¶ 24} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 25} Michael Christopher, an Ohio Internet Crimes Against Children Task Force ("ICAC") special investigator with the Cuyahoga County Prosecutor's

office, testified that he conducted a forensic examination of the electronic devices discovered in Chicharro's residence. He stated that of the eight items examined, he located child abuse material on two of the items — an Asus desktop computer and a Western Digital My Passport external hard drive. Regarding the desktop computer, he testified about ten images he discovered as thumbnails cached in Windows Explorer — the actual images or files were not located on Chicharro's desktop. He explained that these thumbnail images are not created by the user, but by the computer itself. Although Investigator Christopher admitted that Chicharro's desktop computer did not contain the software to view the actual images, he stated that the thumbnail images were still visible based on the icon "view" setting created by the user. The jury viewed each of the thumbnail images as Detective Christopher explained what the images reflected and whether, in his opinion, the individuals in the images were minors based on certain physical characteristics, including body development, facial features, and genitalia appearances.

{¶ 26} The complainant testified that Chicharro showed him a video containing child pornography. Moreover, the complainant stated that Chicharro told him that he stored the pornography on his computer in a manner where he would not get in trouble if it was discovered. We find that with this testimony, coupled with the testimony provided by Investigator Christopher about the location where the pornography was discovered and the appearance of the

thumbnail images, the jury could reasonably infer that Chicharro knew of the material on his computer and that it was illegal to possess.

{¶ 27} Viewing the evidence in the light most favorable to the State, the State presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that Chicharro committed the offenses as charged in Counts 2 through 12.

### 2. Count 13

{¶ 28} Regarding Count 13, Chicharro was convicted of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(3), which provides, in relevant part, that "no person shall . . . possess or view any material or performance that shows a minor . . . in a state of nudity." Unlike Counts 2 through 12 that require a mens rea of "knowingly," the requisite mental state for Count 13 is "reckless."

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶ 29} Investigator Christopher testified that he discovered one image on Chicharro's Western Digital My Passport external hard drive. He described the image as that of a "young individual's genitals" that lacked pubic hair. The jury also observed the image.

{¶ 30} Chicharro admitted that he knew the image existed on the external hard drive but maintained that based on where he obtained the image, it was an image of an adult male's genitalia. Despite Chicharro's explanation, sufficient evidence supported Chicharro's conviction for Count 13.

### 3. Count 14

{¶ 31} Regarding Count 14, Chicharro was convicted of possessing criminal tools, in violation of R.C. 2923.24(A), which provides that "no person shall possess or have under [their] control any substance, device, instrument, or article, with the purpose to use it criminally." Chicharro contends that the State failed to provide evidence that he knew that his electronic devices contained child pornography in the thumbnail caches in Windows Explorer. Because we previously found that the State presented sufficient evidence to support Chicharro's convictions for Counts 2 through 13, the devices upon which those images were stored constitute criminal tools. For the reasons previously discussed, we find that the State presented sufficient evidence to support his conviction for possessing criminal tools.

{¶ 32} Chicharro's second assignment of error, challenging the sufficiency of the evidence in Counts 2 through 14, is overruled.

### C. Manifest Weight of the Evidence

{¶ 33} Chicharro contends in his third assignment of error that his convictions are against the manifest weight of the evidence in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution. Specifically, he challenges the weight of the evidence

supporting Counts 1 through 12 of the indictment. He has not raised any argument under this assignment of error regarding Counts 13 or 14.

{¶ 34} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 12, quoting *Thompkins*, 1997-Ohio-52, ¶ 24. Recently, the Ohio Supreme Court reiterated the *Thompkins* manifest-weight standard of review when it exercised is discretion to address a manifest-weight challenge in a noncapital case. *State v. Brown*, 2025-Ohio-2804. In a judgment-unanimous decision, the Court stated:

> In a manifest-weight-of-the-evidence challenge, sitting as the "thirteenth juror," this court looks at the entire record and "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered,'" *State v. Thompkins*, 1997-Ohio-52, ¶ 25, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).
>
> We will vacate a jury's verdict and order a new trial "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at ¶ 25, quoting *Martin* at 175. Accordingly, we review the record to determine whether the "jury clearly lost its way." *Thompkins* at ¶ 25.

*Id.* at ¶ 30-31.

### 1. Count 1

{¶ 35} Regarding Count 1, Chicharro was convicted of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(2), which provides, in relevant part, that "no person shall, with knowledge of the character of the material or

performance involved, sell, deliver, disseminate, display, exhibit, present, rent, or provide obscene material that has a minor as one of its participants or portrayed observers." This count pertained to the video he showed the complainant on October 30, 2023. Chicharro contends that the weight of the evidence does not support his conviction because detectives did not discover any actual videos or evidence of videos of child pornography on any of his electronic devices.

{¶ 36} Whether detectives discovered this video or any other video does not render Chicharro's conviction in Count 1 as against the manifest weight of the evidence. The jury heard testimony from the complainant who testified that Chicharro showed him a video on October 30, 2023, that depicted an adult male engaging in sexual activity with a nude child. The jury also considered testimony of the complainant's demeanor when he reported the material to the Lakewood police that same day. Finally, the jury heard the complainant state that Chicharro told him how he kept the child pornography materials so that he would not get into trouble.

{¶ 37} The jury also considered Chicharro's testimony denying that he showed the complainant child pornography. He explained to them why he believed the complainant was mistaken regarding what he saw but admitted that nothing occurred between the complainant and him that would cause the complainant to react negatively or notify the police.

{¶ 38} In cases where the jury is presented with competing testimony, we are mindful that the jury "may believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. McFarland*, 2020-Ohio-3343, ¶ 37,

quoting *State v. Antill*, 176 Ohio St. 61, 67 (1964). Thus, "'[a] conviction is not against the manifest weight of the evidence simply because the jury believed the testimony of the state's witnesses and disbelieved the defendant.'" *State v. Guffie*, 2024-Ohio-2163, ¶ 77 (8th Dist.), quoting *State v. Jones*, 2020-Ohio-3367, ¶ 85 (8th Dist.). In this instance, the jury chose to believe the complainant over Chicharro.

### 2. Counts 2 through 12

{¶ 39} Regarding Counts 2 through 12, Chicharro contends that the weight of the evidence does not support that he knowingly possessed child pornography found in the thumbnail cache in Windows Explorer.

{¶ 40} In addition to the reasons in finding that the State presented sufficient evidence to support his convictions for these counts — Investigator Chistopher's testimony about the location of the material and the complainant's testimony that Chicharro stated he stored the pornography in undetectable means — the jury also considered Chicharro's testimony and defense. Although he denied that he accessed, downloaded, or showed the complainant child pornography, he told the jury about an instance when he attempted to connect a friend's phone to his computer to watch what he claimed to be legal pornography. He stated that when he tried to open certain files on his friend's phone, it caused his computer to slow as files were uploading, and then the computer was no longer "responding." He stated that after he shut down his system, his friend then showed him child pornography that was saved on the phone. Chicharro admitted that he viewed the child pornography on the phone, asking his friend where he got the videos, and telling his

friend that he was "ballsy" for having the videos. He stated that his friend had over 80 gigabytes of child pornography stored on the phone. He explained that he did not tell the police about the vast amount of child pornography that this friend possessed on his cell phone because he did not want to get involved and wanted to disassociate with the friend. Nevertheless, he admitted that he told other individuals, including the complainant, about the amount of child pornography his friend possessed.

{¶ 41} We find that the jury could reasonably infer that Chicharro knew that his computer potentially contained child pornography based on his attempt to connect his friend's child-pornography-laced phone to his computer — an attempt that caused his computer to slow as files uploaded and stop responding, ultimately requiring him to shut down his system. The subsequent discovery of the thumbnail cache images support that the jury's verdict is not against the manifest weight of the evidence.

{¶ 42} Based on the foregoing, we find that this is not the exceptional case requiring this court to step in as the "thirteenth juror," reverse Chicharro's convictions for Counts 1 through 12, and order a new trial. The second assignment of error is overruled.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR